IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joel Gonzalez Olea,<br><br>    Plaintiff,<br><br>v.<br><br>    and<br><br>Backyard Beverages LLC ,<br>David Casique Abaonza , Bibere Beverages Inc.,<br>Moore & Moore Ventures Inc., and Charles Moore,<br><br>    Defendants. | Case No. 4:22-cv-273<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiff, Joel Gonzalez Olea ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Backyard Beverages LLC ("Defendant" or "BACKYARD"), David Casique Abaonza ("Defendant" or "DAVID"), Bibere Beverages Inc. ("Defendant" or "BIBERE"), Moore & Moore Ventures Inc. ("Defendant" or "MOORE VENTURES"), and Charles Moore ("Defendant" or "CHARLES"), all of whom may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1.  This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2.  Plaintiff is a resident of Arlington, Texas; and he was employed by Defendants.

3.  BACKYARD is a business that is located, headquartered, and conducts business in Fort Worth, Texas.

4. DAVID is an owner and Boss of BACKYARD, and he is in charge of its employees. On information and belief, DAVID is a resident of Arlington, Texas.

5. BIBERE is a business that is located, headquartered, and conducts business in Arlington, Texas.

6. DAVID is an owner and Boss of BIBERE, and he is in charge of its employees. On information and belief, DAVID is a resident of Arlington, Texas.

7. MOORE VENTURES is a business that is located, headquartered, and conducts business in Arlington, Texas.

8. CHARLES is the owner and Boss of MOORE VENTURES, and he is in charge of its employees. On information and belief, CHARLES is a resident of Arlington, Texas.

9. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

10. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Northern District of Texas because all underlying facts and transactions occurred in or about Fort Worth, Texas.

## Facts Common To All Claims

12. BACKYARD, BIBERE, and MOORE VENTURES are all an "employer" as that term is defined in Section 203 of the FLSA, because they are each privately owned for-profit entities.

13. DAVID and CHARLES are an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at BACKYARD; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

14. Plaintiff reincorporates by reference Paragraphs 1 through 13, as if set forth in full herein for Paragraph 14.

15. Plaintiff began working at BACKYARD in or before July 2019 up until on or about November 2020.

16. At all times, Plaintiff held the same position at BACKYARD, they were an administrative assistant. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform phone calls with customers and other general duties, including menial office tasks such as cleaning and filing, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

17. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 46 hours per week.

18. Plaintiff was paid their wages on a monthly basis.

19. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

20. Plaintiff's rate of pay was $400 per month.

21. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

22. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

23. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

24. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $22,646.58 in unpaid overtime wages; (ii) liquidated damages of $22,646.58; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Joel Gonzalez Olea respectfully requests that the Court enter a judgment in his favor and against Defendants jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $22,646.58;

B. An award liquidated damages in an amount equal to at least $22,646.58;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

25. Plaintiff reincorporates by reference Paragraphs 1 through 24, as if set forth in full herein for Paragraph 25.

26. Defendants asked Plaintiff if he could extend them a line of credit by use of his credit cards for the purpose of operating Defendant's business. In exchange, the Defendants agreed to pay Plaintiff back all sums borrowed against his credit, plus 15% interest per year, plus any additional interest owed to the respective credit card companies; and Defendants agreed to pay back all monies withing thirty (30) days that any sums were tendered to Defendants by Plaintiff(the "Agreement").

27. The Agreement constituted a valid and binding contract in that its terms were offered to Defendants by Plaintiff, Defendants accepted the terms, and the Agreement is supported by valuable consideration, including the loan of money in return for repayment of all sums plus interest.

28. Pursuant to the Agreement, Defendants amassed a debt to Plaintiff upwards of $60,000.00, which Plaintiff owes to the respective banking institutions.

29. To date, Plaintiff has only received from Defendants approximately $30,000.00 towards that debt, which sums continue to accrue interest

30. The Defendants have knowledge that Plaintiff has been providing to them a benefit for which he is not receiving compensation.

31. The Defendants have retained the benefit of the Agreement without paying Plaintiff in full for all sums lent to Defendants.

32. Defendants have breached the Agreement by failing to pay all sums owed to Plaintiff pursuant to the terms of the Agreement.

33.  . Defendants breach of the Agreement has damaged Plaintiff for a sum in excess of $30,000.00.

WHEREFORE, Plaintiff Joel Gonzalez Olea respectfully requests that the Court enter a judgment in their favor and against Defendants and jointly and severally, for:

A. Damages in excess of $30,000, to be proven at trial;

B. An award of reasonable attorney's fees and costs;

C. Any other compensatory damages;

D. Interest; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: UNJUST ENRICHMENT
### (In the Alternative to Count II)

34. Plaintiff reincorporates by reference Paragraphs 1 through 33, as if set forth in full herein for Paragraph 34.

35. By allowing Defendants the use of his credit cards, which they used to cause a debt owed by Plaintiff upwards of $60,000.00, Plaintiff has conferred a benefit upon the Defendants.

36. The Defendants have knowledge that Plaintiff is providing to them a benefit for which he is not receiving compensation.

37. The Defendants have retained the benefit.

38. The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying fair value for it.  Defendants have been unjustly enriched by the use of Plaintiff's credit cards.  The acquisition of monies by Defendants has occurred at the detriment of Plaintiff, including the accumulation of credit card debt and interest; and there exists no contract between Plaintiff and Defendants due to one or more of the following circumstances: unenforceability of the Agreement, impossibility, mistake, voidness, or absence of a formal agreement.

WHEREFORE, Plaintiff Joel Gonzalez Olea respectfully requests that the Court enter a judgment in their favor and against Defendants and jointly and severally, for:

A. Damages in excess of $30,000;

B.  An award of reasonable attorney's fees and costs;

C.  Compensatory damages;

D.  Interest; and

E.  Any such additional or alternative relief as this Court deems just and proper.


/s/James M. Dore
By Their Attorney

James M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-942-9415 x 105
jdore@justicialaboral.com


**PLAINTIFFS DEMAND TRIAL BY JURY**

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|---|---|
| 7/7/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 7/14/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 7/21/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 7/28/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 8/4/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 8/11/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 8/18/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 8/25/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 9/1/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 9/8/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 9/15/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 9/22/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 9/29/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 10/6/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 10/13/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 10/20/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 10/27/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 11/3/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 11/10/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 11/17/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 11/24/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 12/1/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 12/8/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 12/15/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 12/22/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 12/29/2019 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 1/5/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 1/12/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 1/19/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 1/26/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 2/2/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 2/9/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 2/16/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 2/23/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 3/1/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 3/8/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 3/15/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 3/22/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 3/29/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 4/5/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 4/12/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 4/19/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 4/26/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 5/3/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 5/10/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 5/17/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 5/24/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 5/31/2020 | 42 | 2 | $2.17 | $7.25 | $213.36 | $21.75 | $235.11 |
| 6/7/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 6/14/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 6/21/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 6/28/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 7/5/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 7/12/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 7/19/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 7/26/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 8/2/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 8/9/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 8/16/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 8/23/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 8/30/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 9/6/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 9/13/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 9/20/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 9/27/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 10/4/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 10/11/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 10/18/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 10/25/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 11/1/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 11/8/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/15/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 11/22/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 11/29/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 12/6/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 12/13/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 12/20/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| 12/27/2020 | 51 | 11 | $2.17 | $7.25 | $259.08 | $119.63 | $378.71 |
| | **TOTALS** | **346** | | | **18,013.68** | **$4,632.90** | **$22,646.58** |